ROBERT E. BEST, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Best v. Commissioner
Docket No. 8954-93
United States Tax Court
T.C. Memo 1995-2; 1995 Tax Ct. Memo LEXIS 1; 69 T.C.M. (CCH) 1578; January 3, 1995, Filed *1 An appropriate order will be issued denying petitioner's motion for partial summary judgment. For petitioner: Hugh T. Echols. For respondent: Wanda M. Cohen. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1] This matter is before the Court on petitioner's motion for partial summary judgment pursuant to Rule 121. Respondent determined a deficiency in petitioner's Federal income tax for 1988 in the amount of $ 6,199, and an addition to tax for that year in the amount of $ 1,549.75 pursuant to section 6651(a)(1). For reasons discussed below, we deny petitioner's motion. Petitioner resided in Seabrook, Texas, when he filed his petition. In the petition, he disputed the determinations made by respondent and raised two additional *2 issues: (1) the abatement of penalties under section 6651(a)(1); and (2) the allowance of a section 1244 stock loss. Petitioner did not identify the character of the stock loss or the year in which it occurred. This case was originally calendared for trial in Houston, Texas, at the trial session commencing November 29, 1993. On November 17, 1993, we granted petitioner's motion for continuance because the parties were discussing the issue of a potential 1985 long-term capital gain carryover. The case was again calendared for trial in Houston, Texas, at the trial session commencing May 31, 1994. On May 19, 1993, petitioner filed a second motion for continuance because bank records necessary to establish a 1987 net operating loss carryover to 1988 were unavailable for review due to petitioner's bankruptcy case. By order dated May 27, 1994, we granted the motion for continuance and instructed the parties to file status reports on or before July 11, 1994. On June 24, 1994, petitioner filed a motion for partial summary judgment. On July 28, 1994, the parties filed a stipulation of settled issues (stipulation), in which they resolved each issue raised in the notice of deficiency. *3 In his status report, petitioner stated that he was in agreement with the stipulation as signed, and conceded he was not entitled to a stock loss carryover from the 1987 to the 1988 taxable year. Petitioner contended, however, that two issues remained in dispute: (1) the removal of a 1980 Federal tax lien; and (2) the allowance of a 1985 stock loss carryover. In the motion for partial summary judgment, petitioner requests an adjudication on the issue of whether respondent is barred from raising the issue of the 1985 long-term capital loss carryover, or any issue concerning his 1985 Federal income tax return. Petitioner argues that by permitting respondent to raise issues related to the 1985 taxable year, we would be invading the province of the United States Bankruptcy Court for the Southern District of Texas, which has jurisdiction over petitioner's bankruptcy case, Case No. 87-06377-H3-11. Petitioner also contends that respondent previously gave up all claims with respect to his 1985 Federal income tax return by not filing a proof of claim in the bankruptcy proceeding. In her response to petitioner's motion, respondent notes that neither the notice of deficiency nor the petition *4 in this case raised any issues with regard to the 1980 or 1985 tax years. Respondent contends, therefore, that neither the 1985 stock loss nor the 1980 Federal tax lien is at issue in this case. In the alternative, respondent argues that petitioner failed to offer any evidence in support of his motion and, as a result, is not entitled to a decision as a matter of law. Under Rule 121, a summary adjudication may be made "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that a decision may be rendered as a matter of law." Rule 121(b). The party opposing the motion cannot rest upon the allegations or denials in his pleadings, but must "set forth specific facts showing that there is a genuine issue for trial." Rule 121(d). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. ; . *5 Based on the pleadings in the instant case, we find that petitioner's motion for partial summary judgment is improper. Under Rule 121, petitioner must show that no genuine issue of material fact regarding the 1985 loss carryover exists. However, this issue is not even before the Court. Petitioner did not claim a 1985 carryover loss on his 1988 Federal income tax return, respondent did not disallow any loss carryover in the notice of deficiency, and petitioner did not raise the issue of a 1985 loss carryover in his petition. Since the issue of the 1985 loss carryover has not been properly pleaded or raised by the parties, it is not before this Court and, therefore, we are not in a position to decide whether any genuine issue of material fact regarding the loss exists. Accordingly, petitioner's motion is denied as improper. An appropriate order will be issued denying petitioner's motion for partial summary judgment. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩